ANNIE E. ERWIN, ADMINISTRATRIX, ETC., RESPONDENT, *v.* THE NEVERSINK STEAMBOAT COMPANY, APPELLANT.

*Interest allowed on a verdict for negligent killing — at what rate it is to be computed —*
*1879, chapter 538, construction of — 1870, chapter 78.*

On March 5, 1880, the plaintiff recovered a judgment for $5,000 against the defendant for the negligent killing of her intestate on May 12, 1873.

*Held,* that under chapter 78 of 1870 she was entitled to recover interest upon that amount from the time of the death to the time of the rendering of the verdict.

That the liability of the defendant, for the damages occasioned by the negligent killing of the intestate, was an "obligation" within the meaning of that term as used in the exception, contained in the act reducing the rate of interest on money to six per cent (chap. 538 of 1879), which provided that nothing therein contained should "be so construed as to in any way affect any contract or obligation made before the passage of this act."

That the interest should be computed at the rate of seven per cent up to the time of the rendering of the verdict.

APPEAL from an order made at Special Term, determining the rate of interest to be allowed on the verdict recovered in this case.

*Dennis McMahon,* for the appellant.

*John M. Bowers,* for the respondent.

DAVIS, P. J.:

This action was brought by the respondent as administrator of William E. Albertson, to recover damages for the death of Albertson, her late husband, by means of the negligence of the appellant. The life of Albertson was lost on the 12th of May, 1873, by a collision between a steamboat of the appellant and another boat. On the 5th of March, 1880, the respondent recovered a verdict of $5,000 against the appellant.

By chapter 78 of the Laws of 1870 (vol 1, p. 215) it is, amongst other things, provided that the amount of damages recovered in any action for causing death by wrongful act, neglect or default, "shall draw interest from the time of the death of such deceased person, which interest shall be added to the verdict, and inserted in the entry of judgment in such action."

The rate of interest at the time of the death in this case was seven per cent, but on the 20th of June, 1879 (chap. 538 of the Laws of 1879), the Legislature amended the statute fixing the rate of interest so as to read as follows: "The rate of interest upon the loan or forbearance of any money, goods or things in action, shall be six dollars upon one hundred dollars for one year, and after that rate for a greater or less sum, or for a longer or shorter period. But nothing herein contained shall be so construed as to in any way affect any contract or obligation made before the passage of this act."

Under the act of 1847 (chap. 450), entitled "An act requiring compensation for causing death by wrongful act, neglect or default," as amended by chapter 78 of the Laws of 1870 (*supra*), the liability for damages for the wrongful act which caused such death arises immediately upon the death of the injured person, and the latter statute provides that such damages shall draw interest from the same point of time. The fact that such damages are disputed by the party liable therefor, or that their amount is unliquidated, where controversy arises, until established by verdict, does not impair the liability that the law creates; and the right to interest is placed precisely upon the same footing.

It is of no consequence, therefore, so far as the question of interest is concerned, that the action to recover the damages is necessarily in tort for a wrongful act. The legislature has seen

fit to attach to the damages sustained by such an injury the right to interest, and the same obligation to pay both necessarily exists in such cases.

The exception to the statute reducing the rate of interest to six per cent, that nothing therein contained shall be so construed as in any way to affect any contract or obligation made before the passage of the act, was intended, and ought to be construed as declaring, that the diminished rate of interest should not affect any existing liability carrying interest at a previously existing rate. The word "obligation" as used in that statute, is broad enough to cover all cases in which, either by contract or by operation of law, interest was attached to an existing liability. The general sense of the word "obligation" is "a duty," and Lord COKE defines it to be "a tie which binds us to pay or do something agreeably to the laws and customs of the country." (Inst., 3, 14.) In a narrower sense it means a bond or deed under seal. But it is obviously used in the statute regulating interest, in its broadest sense, with intent to cover every liability to which interest attaches.

The verdict of the jury in this case established that the plaintiff sustained on the 12th of May, 1873, by the death of the intestate, damages to the amount of $5,000, and the act of 1870 declares that those damages shall bear interest from that date. The interest then established by statute was at and after the rate of seven per cent. The reduction to six per cent would have controlled the rate subsequent to the time of the taking effect of the act of 1870, but for the exception already quoted, which declares that the latter act shall not be so construed as to affect an existing liability for interest.

The result is that the plaintiff was entitled to compute the interest at seven per cent from the time of the injury to the time of entering the judgment. The error of the learned court, therefore, was only prejudicial to the plaintiff, but as no appeal has been taken on her part, the appellant has no right to complain.

The order must be affirmed, with ten dollars costs and disbursements.

BRADY and BARRETT, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.